**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| THEODORE DILENSCHNEIDER,<br>*Plaintiff,*<br>v.<br>ENERGY EXPLORATION TECHNOLOGIES, INC. d/b/a ENERGYX,<br>*Defendant.* | CIVIL NO. 26-CV-01335 (SCC) |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

**COMES NOW** Defendant ENERGY EXPLORATION TECHNOLOGIES, INC. d/b/a ENERGYX ("Defendant"), through the undersigned counsel, and respectfully submits this reply, and states and prays:

**PRELIMINARY STATEMENT**

Plaintiff's Opposition confirms the central defect in the Complaint: every claim depends on vested stockholder status, yet the agreements incorporated into the Complaint conditioned vesting on Continuous Service and required automatic forfeiture of unvested shares upon its termination. Rather than reconcile his claims with those express terms, Dilenschneider asks the Court to disregard them in favor of an isolated phrase in a November 8, 2019 letter and a narrative of post-2019 "recognition." The exhibit-controls rule does not allow such cherry picking from documents incorporated into the Complaint. The Opposition's remaining arguments are also vulnerable because the Rule 9(b) defects in the fraud count persist, as do the contract claims repackaged as implied covenant and declaratory

claims. Finally, its one-sentence request to replead is procedurally futile. The Complaint should be dismissed with prejudice.

## ARGUMENT

I. The Governing Agreements Control Over Dilenschneider's Conclusory Vesting Allegations and the November 8 Letter.

**A. On a Rule 12(b)(6) motion, incorporated documents trump contradictory allegations.**

Dilenschneider invokes the inferences-in-his-favor standard, but that principle has a settled limit: "when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *Clorox Co. Puerto Rico v. Proctor & Gamble Com. Co.*, 228 F.3d 24, 32 (1st Cir. 2000). The rule exists to prevent a plaintiff rom manufacturing a claim "by excising an isolated statement from a document and importing it into the complaint." *Id.* at 32. The First Circuit continues to apply it: "A complaint cannot plausibly allege [a fact] where… materials incorporated into the complaint refute that very assertion." *Cheng v. Neumann*, 51 F.4th 438, 445 (1st Cir. 2022). And the court credits a complaint's facts only "as not contradicted by the official documents attached to [the] complaint." *Yacubian v. United States*, 750 F. 3d 100, 102 (1st Cir. 2014). Dilenschnieder attached the Consulting Agreement, the Award Agreement, and the Plan to his Complaint; they "merge[] into the

pleadings" and may be considered in full. *Blackstone Realty LLC v. FDIC*, 244 F.3d 193, 199 (1st Cir. 2001).

Those instruments are unambiguous. Company Stock vests only "provided that the Grantee remains in Continuous Service through the applicable vesting date." Award Agreement § 3.1. There is "no proportionate or partial vesting" before a vesting date, and "all vesting shall occur only on the applicable vesting date." *Id*. "[U]pon termination of Continuous Service, all unvested Company Stock shall be immediately forfeited." *Id*. If Continuous Service "terminates for any reason at any time before all of his Company Stock has vested," the unvested shares "shall be automatically forfeited." *Id*. § 3.2. Dilenschneider's own allegations place his cessation of service, reduced involvement beginning September 23, 2019, hospitalization through November 5, 2019, and termination no later than November 23, 2019, before and around the vesting dates on which he relies. His conclusory assertion that he nonetheless vested is a legal label the Court need not accept. *Cheng*, 51 F.4th at 443.

**B. The November 8 letter did not amend the agreements or accelerate vesting.**

Dilenschneider recasts the November 8 letter as "highly probative contemporaneous evidence" of vesting, but that reframing cannot overcome the governing instruments. The letter does not purport to amend the Award Agreement or the Plan, accelerate vesting, waive forfeiture, or exercise any Board authority, and Dilenschneider does not allege otherwise. A plaintiff cannot use an isolated writing to defeat the express terms of the integrated agreements

attached to his own pleading. *Clorox*, 228 F.3d at 32. To the extent the letter and the vesting provisions point in different directions, the Award Agreement and Plan, not a one paragraph letter, define whether vesting occurred. *Yacubian*, 750 F.3d at 102.

**C. This is not a premature "fact issue."**

The Opposition's central argument is a new theory, that EnergyX's post-2019 conduct and the passage of "six-plus years" estop it from denying vesting. The Complaint pleads no estoppel claim, and the theory fails on its own terms: whether a party is later treated as a stockholder does not change what the Award Agreement required for vesting to occur. Because the facts establishing forfeiture are clear on the face of the pleadings, and review of the complaint together with the incorporated documents "leave no doubt" that the claim is barred, dismissal is proper now. *Blackstone*, 244 F.3d at 197. Dilenschneider's argument that vesting is a "fact issue" for a later stage misunderstands the motion. EnergyX does not ask the Court to resolve a factual dispute; it asks the Court to apply the unambiguous terms of the documents Dilenschneider himself incorporated. Where those documents contradict the pleaded inference of vesting, the documents control as a matter of law. *Cheng*, 51 F.4th at 445.

II. Count IV Fails Under Rule 9(b) and for Want of a Duty to Disclose, Reliance, and Distinct Injury.

**A. The fraud allegations lack specificity with regards to time.**

Rule 9(b) is satisfied only by an averment "of the who, what, where, and when of the allegedly false or fraudulent representation." *Rodi v. New England School of Law*, 389 F.3D 5, 15 (1st Cir. 2004). The Opposition concedes it alleges only that the misrepresentations occurred "in 2021". An allegation that a statement was made "at an unspecified time" is patently inadequate under Rule 9(b).: *Id.* The First Circuit reaffirmed this year that a complaint failing to plead "where and when they were made" does not satisfy Rule 9(b). *Humana Inc. v. Biogen, Inc.*, 126 F.4th 94, 104 (1st Cir. 2025). It also rejected the "more plaintiff-friendly" notice-style standard Dilenschneider urges. *Id.* At 103. Plaintiff's reliance on *In re El Comandante* is misplaced: the complaint there "provides the exact dates, precise dollar amounts, and the check numbers for each of the transfers," the very temporal specificity missing here, and the relaxed formulation it quoted arose in a fraudulent-transfer context, not First Circuit misrepresentation law. *In re El Comandante Mgmt. Co.*, 388 B.R. 469, 473 (D.P.R. 2008).

**B. Recasting the claim as affirmative misrepresentation does not supply a duty to disclose.**

Although Plaintiff now characterizes Count IV as resting on affirmative misrepresentations rather than omissions, that does not rescue the omission theory on which much of the claim depends and does not establish the pre-existing duty that Puerto Rico's dolo doctrine requires. Dolo "is a form of contractual deceit," and absent allegations supporting a duty arising from the contractual relationship, "[d]olo is… inapplicable." *Prado Alvarez v. R.J.*

*Reynolds Tobacco Co.*,, 405 F3d 36, 44-45 (1st Cir. 2005). Even assuming a contractual relationship, dolo requires "a deceitful and intentional avoidance of contractual obligations," in other words, malice and subjective intent to breach a known, binding duty. *Punta Lima, LLC v. Punta Lima Dev. Co.*, 440 F.Supp. 3d 130, 154 (D.P.R. 2020). "Good faith is presumed between contracting parties and the party that seeks to rebut this presumption carries the burden of proof." *Triangle Cayman Asset Co. v. LG & AC, Corp.*, 52 F.4th 24, 34 (1st Cir. 2022). And where the parties' rights are fixed by clear, unambiguous agreements, courts are "barred from considering extrinsic evidence," so a good-faith or disclosure theory cannot manufacture an obligation absent from those terms. *Id.* At 32. The Complaint identifies no contractual or other source of a duty to volunteer the corporate information Dilenschneider says was withheld.

**C. The Section 3650 waiver independently negates any duty to disclose.**

Dilenschneider responds that his waiver addresses only inspection, not fraud. But the point is narrower: the statutory inspection right under 14 L.P.R.A. § 3650 was the sole source of any entitlement to the corporate governance and capitalization information he says EnergyX failed to furnish, and he "unconditionally and irrevocably" waived it. Award Agreement § 18. Having bargained away the only mechanism that would have entitled him to that information, Plaintiff cannot recast its absence as actionable concealment.

**D. The Complaint pleads no distinct injury or reliance caused by the conversion.**

Plaintiff argues the conversion caused an injury distinct from the Third Amended Certificate, but the Complaint alleges the certificate had already impaired his preferred-stock rights before the conversion. See Complaint ¶¶ 80, 86-87. A fraud claim fails where the complaint does not allege an injury "distinct from the harm caused by the predicate" conduct. *Douglas v. Lalumiere*, No. 2:20-cf-00227, 2021 WL 4473113, at 5 (D. Me. Sept 29, 2021). And reliance remains an element of the claim. *Rodi*, 389 F.3d at 13. The Complaint does not explain what additional, cognizable injury the conversion itself caused.

III. Count II Remains Duplicative of the Contract Claim.

The Opposition insists that the implied-covenant claim targets "unique bad faith conduct," but the covenant governs performance of the existing bargain; it "emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party." *Adria Int'l Grp., Inc. v. Ferré Dev., Inc.,* 241 F.3d 103, 108 (1st Cir. 2001). It is not an independent source of substantive rights; the duty "arises from a contractual relation." *Punta Lima,* 440 F. Supp. 3d at 155. Each act the Opposition labels bad faith, that is, the termination, the alleged failure to honor anti-dilution protections, the withholding of information, and the conduct surrounding the conversion, is governed by the express terms of the Consulting Agreement, Award Agreement, and the Special Equity Plan, and is the same conduct underlying Count I. The implied covenant cannot be used to create rights inconsistent with

those express vesting, forfeiture, and anti-dilution provisions. Count II should be dismissed as duplicative.

IV. Count III Rises and Falls with Stockholder Status.

Plaintiff concedes that his claim under 14 L.P.R.A. §§ 3682(b)(2) and 3652 turns on the same stockholder-status question addressed above. Because the incorporated agreements foreclose his plausible allegation of vested, outstanding preferred shares, he cannot invoke the class-vote and notice protections those sections afford holders of outstanding shares. Count III fails for the reasons stated in Part I.

V. Count V Is Duplicative and Should be Dismissed.

The Declaratory Judgment Act does not itself create a substantive cause of action; the declaratory claim must rest on an independent source and therefore fails for the same reasons that the underlying claims fail. See *Akins v. Penobscot Nation*, 130 F.3d 482, 490 (1st Cir. 1997). The First Circuit has held that a declaratory-judgment claim duplicating a breach-of-contract claim is subject to dismissal as redundant. *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 237 (1st Cir. 2013); see *Kyndryl, Inc. v. Computer Scis. Corp.*, No. 25-13943, 2026 WL 2582812, at 13 (D. Mass. Sept. 1, 2026). Courts in this District agree, dismissing declaratory counts that are "merely a rehashing of" a plaintiff's contract claims as "superfluous." *Montalvo v. LT's Benjamin Records, Inc.*, 56 F.Supp. 3d 121, 140 (D.P.R. 2014). Each declaration Dilenschneider seeks in Count V mirrors the relief sought in Counts I through IV. *Kirkwood*, on which the Opposition relies at

19-20 is inapposite: it concerned a court's discretion to entertain a stand-alone insurer declaratory action in favor of a parallel state tort suit, not the retention of a redundant declaratory count that duplicates the plaintiff's own co-pending claims. *Metro. Prop. & Liab. Ins. Co. v. Kirkwood*, 729 F.2d 61, 62-63 (1st Cir. 1984). Count V should be dismissed.

VI. Plaintiff's Embedded Request for Leave to Replead Should be Denied.

Dilenschneider's alternative, one-sentence request for "leave to replead" is procedurally improper and futile. A "contingent request for leave to amend tucked away in "an opposition to a motion to dismiss is not a proper vehicle; a plaintiff must file a separate motion with an attached proposed amended complaint. *Levitt v. Sonardyne, Inc.*, 918 F.Supp. 2d 74, 76 (D. Me. 2013). In any event, leave may be denied where amendment would be futile because the proposed amended complaint would fail to state a claim upon which relief could be granted. *Id.* At 83. Because the vesting and forfeiture terms of the incorporated agreements defeat every claim regardless of how the allegations are repackaged, any amendment would be futile.

## CONCLUSION

For the foregoing reasons and those stated in the Motion, EnergyX respectfully requests that the Court dismiss the Complaint in its entirety with prejudice.

**RESPECTFULLY SUBMITTED,**

In San Juan, Puerto Rico this 5th day of October 2026.

**I HEREBY CERTIFY** that on this same day I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

**PEDRO ORTZ ÁLVAREZ, LLC**
*Attorneys for Energy Exploration Technologies, Inc.*
P.O. Box 9009
Ponce, PR 00732-9009
Tel (787) 841-7575
Fax (787) 841-0000

*/s/ G. Ismalia Gutierrez-Galang*
G. ISMALIA GUTIERREZ-GALANG
USDC-PR No. 218513
ismalia.gutz@gmail.com
ismalia@poalaw.com