**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| THEODORE DILENSCHNEIDER,<br><br>*Plaintiff*,<br><br>v.<br><br>ENERGY EXPLORATION TECHNOLOGIES, INC., d/b/a ENERGYX,<br><br>*Defendant*. | Civil No. 3:26-cv-01335 (SCC)<br><br>Related to: Civil No. 3:26-cv-01709 (Energy Exploration Technologies, Inc. d/b/a EnergyX v. Theodore Dilenschneider, removed from SJ2026CV06145) |

**MOTION TO CONSOLIDATE PURSUANT TO FED. R. CIV. P. 42(a) AND LOCAL CIVIL RULE 42**

COMES NOW Plaintiff Theodore Dilenschneider ("Dilenschneider" or "Plaintiff"), through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 42(a) and Local Civil Rule 42, respectfully requests that the Court consolidate the captioned action with *Energy Exploration Technologies, Inc. d/b/a EnergyX v. Theodore Dilenschneider*, Civil No. 3:26-cv-01709 (the "Removed Action"), and in support thereof states and prays as follows:

1. On May 29, 2026, Dilenschneider filed the Complaint in this action against Energy Exploration Technologies, Inc. d/b/a EnergyX ("EnergyX"), asserting claims arising from EnergyX's breach of its contractual obligations, fraud and wrongful deprivation of Dilenschneider's equity and stockholder rights. Among other relief, Dilenschneider seeks a declaration recognizing his ownership interest in EnergyX and the restoration of his contractual anti-dilution and preferred stockholder rights. *See* ECF No. 1.

2. On June 24, 2026, EnergyX, through counsel from the law firm Pedro Ortiz Álvarez, LLC, requested a thirty-day extension to answer or otherwise plead, representing that

counsel had been recently retained and was still "reviewing and investigating Plaintiff's claims and allegations." ECF No. 6 ¶ 3. EnergyX further represented that the extension was sought "in good faith for the purpose of presenting a complete and adequate response." *Id.* ¶ 4. The requested extension was granted until July 24, 2026. *See* ECF No. 7; ECF No. 8 ¶ 1.

3. While that extension remained in effect, on July 22, 2026, two days before it expired, EnergyX filed a separate, 47-page complaint against Dilenschneider before the Puerto Rico Court of First Instance, San Juan Part, Civil No. SJ2026CV06145, which Plaintiff later removed to this Court as the Removed Action. *See* Civil No. 3:26-cv-01709, ECF No. 1 ¶ 1. Notably, that action was filed through the same law firm representing EnergyX in this federal litigation, Pedro Ortiz Álvarez, LLC, together with Colón Serrano Zambrana, LLC, and arose from substantially the same agreements, transactions, and operative facts already before this Court. As discussed below, EnergyX's surreptitious conduct in pursuing the parallel state court proceedings resulted in Dilenschneider remaining unaware of the action until several days after a default judgment had been entered against him.

4. On July 24, 2026, EnergyX requested yet another thirty-day extension in this action, once again representing that its counsel was "currently investigating Plaintiff's claims and allegations which span seven (7) years" and needed additional time to prepare a response. ECF No. 8 ¶ 2. EnergyX again assured this Court that its request was made "in good faith." *Id.* ¶ 3. Conspicuously absent from that representation was any disclosure that EnergyX had already filed its own extensive complaint concerning the same underlying controversy just two days earlier in the Removed Action.

5. Thus, at the very time EnergyX was representing to this Court that it needed additional time to investigate Dilenschneider's allegations and formulate a response, it had already

undertaken sufficient investigation to prepare and file a 47-page complaint addressing those very same allegations in another forum. That complaint was filed not by unrelated counsel, but by the same law firm actively representing EnergyX before this Court. The timing and circumstances of these filings raise serious concerns regarding EnergyX's good faith and its decision to pursue parallel litigation without informing this Court or Dilenschneider.

6. Meanwhile, in the Removed Action, EnergyX obtained leave from the state court to serve Dilenschneider by publication—rather than through his counsel in this case—and mailed the pleadings to an address in Elgin, Texas, even though EnergyX was aware, including through the Complaint in this case, that Dilenschneider resides in Indiana. *See* Civil No. 3:26-cv-01709, ECF No. 1 ¶ 2; ECF No. 1 ¶ 11. On October 30, 2026, the state court notified a default judgment against him. Dilenschneider first learned of that proceeding and the judgment on November 3, 2026, and promptly removed the action to this Court the following day. *See* Civil No. 3:26-cv-01709, ECF No. 1 ¶¶ 3-4. Plaintiff will separately move to vacate the default judgment and reserves all defenses.

7. With both actions now pending before this Court, Plaintiff seeks their consolidation pursuant to Federal Rule of Civil Procedure 42(a), which authorizes consolidation of actions involving "a common question of law or fact." Fed. R. Civ. P. 42(a). That requirement is readily satisfied here. Both actions involve the same parties, agreements, and underlying transactions, and turn on the same central controversy, that is, Dilenschneider's equity in EnergyX.

8. Indeed, the Removed Action is the mirror image of this case. Dilenschneider seeks recognition of his vested shares and stockholder rights; EnergyX contends that the November 8, 2019, letter confirming those shares was erroneous and that any unvested shares were forfeited, and seeks a declaration that he is not a stockholder. *See* ECF No. 1 ¶¶ 66, 127(e); Removed Action

Compl. ¶¶ 241–262, 350–360, 371–372. The parties likewise dispute Dilenschneider's claimed 0.938% ownership interest and the effect of the 2021 stock conversion. *See* ECF No. 1 ¶¶ 68, 72–75, 85–96, 109, 120–124; Removed Action Compl. ¶¶ 301–302, 319–334, 344, 362–367.

9. The remaining claims asserted by EnergyX also arise from the same underlying controversy. Its alternative request to exercise a repurchase option depends on whether Dilenschneider holds shares under the *Restricted Stock Award Agreement*, while its non-disparagement claim concerns his assertions regarding the same equity rights disputed in this action. *See* Removed Action Compl. ¶¶ 380–384, 392–419. Thus, resolving either action will necessarily require the Court to address substantially the same questions concerning Dilenschneider's equity ownership, contractual rights, and the parties' obligations under the relevant agreements.

10. Moreover, EnergyX's claims bear precisely the relationship contemplated by Federal Rule of Civil Procedure 13(a), as they arise out of the same transaction or occurrence underlying Dilenschneider's federal Complaint and require no additional parties. *See* Fed. R. Civ. P. 13(a)(1)-(2). They are, in substance, compulsory counterclaims that properly belong in this action rather than in a separate proceeding initiated in state court.

11. Under these circumstances, consolidation will promote judicial economy, avoid duplicative litigation, and prevent potentially inconsistent determinations regarding Dilenschneider's equity ownership and stockholder rights. Both actions will likely require the same discovery, from the same witnesses, concerning the same documents. Absent consolidation, the Court could be asked to decide in one action that Dilenschneider holds vested shares and in the other that those same shares were forfeited. Moreover, consolidation would not prejudice EnergyX, as both actions involve the same parties, the same counsel, and substantially the same

issues already pending before this Court. On the contrary, allowing these actions to proceed separately would serve no practical purpose and would unnecessarily multiply litigation over a single controversy.

**WHEREFORE**, Plaintiff Theodore Dilenschneider respectfully requests that this Court consolidate the Removed Action (Civil No. 3:26-cv-01709) with the present action, Civil No. 3:26-cv-01335, pursuant to Federal Rule of Civil Procedure 42(a) and Local Civil Rule 42; designate Civil No. 3:26-cv-01335 as the lead case; and grant such other relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on November 13th, 2026.

**WE HEREBY CERTIFY** that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case, and that, pursuant to Local Civil Rule 42, a copy was also served on all counsel of record in Civil No. 3:26-cv-01709, including by email to Joel Andrews Cosme Morales, Esq. (joel.cosme@poalaw.com) and Félix A. Colón-Serrano, Esq. (felix@csz.law).

**MARINI PIETRANTONI MUÑIZ LLC**
250 Ponce de León Ave., Suite 900
San Juan, PR 00918
Tel: (787) 705-2174
Fax : (787) 936-7494

*s/ Manuel A. Pietrantoni*
Manuel A. Pietrantoni
USDC-PR No. 219805
mpietrantoni@mpmlawpr.com

*s/Carolina Velaz-Rivero*
Carolina Velaz-Rivero
USDC-PR No. 300913
cvelaz@mpmlawpr.com